The Honorable James C. Allen State Representative 4005 Malvern Road Hot Springs, Arkansas 71901
Dear Representative Allen:
This is in response to your request for an opinion on several specific questions involving the disposition of funds collected under a garbage removal fee. The following questions are posed:
 1. Is it legislative intent to allow fees to be charged to residents for a specific intent to be used for other purposes? (See #3 for purposes.)
 2. The $900.00 reserve fund could be set aside and used to reduce the fee charged city residents for garbage removal. (The city council raised the fee from $3 to $6 to establish the reserve.) If a fund is no longer required for the maintenance of the incinerators, should not the fee be reduced?
3. The $900.00 is planned to:
A. give a bonus to city employees
B. pave streets
 C. subsidize private business (euphemistically called an "incubator program")
D. advertise and promote retirees to move to Hot Springs
 Can these planned expenditure areas all be considered as legal usage of "garbage fee" money?
The authority of the city to own, acquire, or otherwise deal in facilities necessary for the collection or disposal of refuse is found in Act 238 of 1971, codified at Ark. Stat. Ann. 82-2713 et seq. (Repl. 1976). The city is authorized under this Act to impose and collect reasonable rates and charges for the services provided by these facilities. See 82-2719. 82-2719(d) provides as follows:
 All or any part of the revenues derived from the rates and charges imposed and collected under the authority of this Act may be used for accomplishing and carrying out the authorities conferred by this Act . . .
It seems clear, based upon these provisions, that reserves necessary for the operation and maintenance of the incinerator and ancillary equipment must be used for that purpose. Indeed, it has been held that special municipal funds which are dedicated by express statutory provision or by act of a municipal council or board to a specific municipal object may not be diverted by the municipality to any other purpose. 64 C.J.S. Municipal Corporations 2119; Federal Deposit Insurance Corp. v. Casady,106 F.2d 784 (C.C.A. Okl.).
As a general matter, therefore, the answer to the first question is no. However, to the extend[t] this fund constitutes surplus revenue, there is authority for the proposition that the city may apply this revenue to any lawful municipal purpose. See 64 C.J.S. Municipal Corporations 2117. The Act conferring authority in this area (Act 238 of 1971) exhibits no restrictions in this regard. Nor does the Ordinance in this instance address the disposition of surplus funds. The Arkansas Supreme Court has, moreover, upheld a city's use of excess profits from the operation of its light and water plants for the construction of a hospital. Johnson v. Dermott, 189 Ark. 830, 75 S.W.2d 243 (1934). This leads to the conclusion that the city may use surplus garbage removal revenue for other municipal purposes.
In response to the second question, it is my opinion that a court would be unwilling to force the city board to use the reserve fund to reduce garbage removal fees. There is no controlling constitutional or statutory provision, nor does the Ordinance involved reflect any such restriction. The board's discretion in this regard would likely be confirmed if challenged. You have also suggested that the fee should be reduced since it was initially raised to establish the reserve. Resolution of this question will depend upon the particular facts involved. The board may be justified in maintaining the current fee if collection of the $6.00 is necessary for increased expenses or anticipated future expenses.
Your third question includes reference to several anticipated uses of the reserve funds. It is my opinion that these constitute valid municipal purposes. The only potential exception is found in the third category which reads: "subsidize private business (euphemistically called an `incubator program')." Article 12, Section 5 of the Constitution of Arkansas precludes a county, city, town or other municipal corporation from obtaining or appropriating money for any corporation, association, institution or individual. A transfer of funds to private business would therefore by[e] unconstitutional. The facts presented do not, however, provide a sufficient basis for me to full address the issue.
We hope the foregoing is of assistance. If there exist other material facts outside those contained in your request, corresponding modification of this opinion may be necessary.
Please note additionally that while the Attorney General is required under Ark. Stat. Ann. 12-702 (Repl. 1979) to provide his opinion to the General Assembly upon the constitutionality of proposed bills, he is precluded from engaging in the private practice of law. Ark. Stat. Ann. 12-701.1 (Repl. 1979). Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon nor offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: Mr. David Love, Esq. City Attorney 600 W. Grant Hot Springs, AR 71901